**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INDIVIOR INC., INDIVIOR UK LIMITED, and MONOSOL RX, LLC,<br>Plaintiffs,<br>v.<br>ACTAVIS LABORATORIES UT, INC.,<br>Defendant. | C.A. No. _______________ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Indivior Inc. ("Indivior"), Indivior UK Limited ("Indivior UK"), and MonoSol Rx, LLC ("MonoSol") (collectively, "Plaintiffs") file this Amended Complaint against Defendant Actavis Laboratories UT, Inc. ("Actavis" or "Defendant") and allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendant's submission of Abbreviated New Drug Application ("ANDA") No. 204383 to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of the 4 mg/1 mg (buprenorphine/naloxone) dosage strength of Plaintiff Indivior's Suboxone® sublingual film prior to the expiration of United States Patent Nos. 8,475,832 ("the '832 Patent"); 8,017,150 ("the '150 Patent"); and 8,603,514 ("the '514 Patent") (collectively, "the Patents-in-Suit").

## THE PARTIES

2. Plaintiff Indivior is a Delaware corporation having a principal place of business at 10710 Midlothian Turnpike, Suite 430, Richmond, Virginia.

3. Plaintiff Indivior UK is a United Kingdom corporation having a principal place of business at 103-105 Bath Road, Slough, UK.

4. Plaintiff MonoSol is a Delaware limited liability corporation having a principal place of business at 30 Technology Drive, Warren, New Jersey.

5. On information and belief, Defendant Actavis is a Delaware corporation having a principal place of business at 577 Chipeta Way, Salt Lake City, Utah, 84108. Actavis previously operated under the name Watson Laboratories, Inc. ("Watson").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. On information and belief, Defendant is in the business of, *inter alia*, developing, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic copies of branded pharmaceutical products in Delaware and throughout the United States.

8. This Court has personal jurisdiction over Defendant because of, *inter alia*, Defendant's incorporation in Delaware, its continuous and systematic contacts with corporate entities within this judicial district, its previous submission to the jurisdiction of this judicial district, and its marketing and sales activities in this judicial district, including, but not limited to, the substantial, continuous, and systematic distribution, marketing, and/or sales of generic pharmaceutical products to residents of this judicial district.

9. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

## THE PATENTS-IN-SUIT

10. Plaintiff Indivior UK is the lawful owner of the ’832 Patent, and Plaintiff Indivior is an exclusive licensee of the ’832 Patent. The ’832 Patent, entitled “Sublingual and Buccal Film Compositions,” duly and legally issued on July 2, 2013, naming Garry L. Myers, Samuel D. Hillbert, Bill J. Boone, B. Arlie Bogue, Pradeep Sanghvi, and Madhusudan Hariharan as inventors. A true copy of the ’832 Patent is attached hereto as Exhibit A.

11. Plaintiff MonoSol is the lawful owner of the ’150 Patent, and Plaintiff Indivior is an exclusive licensee of the ’150 Patent. The ’150 Patent, entitled “Polyethylene Oxide-Based Films and Drug Delivery Systems Made Therefrom,” duly and legally issued on September 13, 2011, naming Robert K. Yang, Richard C. Fuisz, Garry L. Myers, and Joseph M. Fuisz as inventors. A true copy of the ’150 Patent is attached hereto as Exhibit B.

12. Plaintiff MonoSol is the lawful owner of the ’514 Patent, and Plaintiff Indivior is an exclusive licensee of the ’514 Patent. The ’514 Patent, entitled “Uniform Films for Rapid Dissolve Dosage Form Incorporating Taste-Masking Compositions,” duly and legally issued on December 10, 2013, naming Robert K. Yang, Richard C. Fuisz, Garry L. Myers, and Joseph M. Fuisz as inventors. A true copy of the ’514 Patent is attached hereto as Exhibit C.

## SUBOXONE SUBLINGUAL FILM

13. Plaintiff Indivior is the holder of New Drug Application (“NDA”) No. 22-410 for Suboxone (buprenorphine hydrochloride and naloxone hydrochloride) sublingual film.

14. On August 30, 2010, the FDA approved NDA No. 22-410 for the manufacture, marketing, and sale of Suboxone sublingual film for the maintenance treatment of opioid dependence. Plaintiff Indivior has sold Suboxone sublingual film under NDA No. 22-410 since its approval.

15. On August 30, 2010, Suboxone sublingual film was approved in 2 mg/0.5 mg and 8 mg/2 mg dosage strengths (buprenorphine/naloxone base equivalents).

16. On August 10, 2012, Suboxone sublingual film was approved in 4 mg/1 mg and 12 mg/3 mg dosage strengths (buprenorphine/naloxone base equivalents).

17. The ’832 Patent, the ’150 Patent, and the ’514 Patent (collectively, the “Orange Book-Listed Patents”) are listed in the FDA’s *Approved Drug Products with Therapeutic Equivalence Evaluations* (the “Orange Book”) as covering Suboxone sublingual film.

**THE DRUG APPROVAL PROCESS**

18. In 1984, Congress enacted the Drug Price Competition and Patent Term Restoration Act, commonly known as the “Hatch-Waxman Act” and codified at 21 U.S.C. § 355. The Hatch-Waxman Act was intended to balance two important public policy goals. First, Congress wanted to ensure that innovator drug manufacturers would have meaningful patent protection and a period of marketing exclusivity to enable them to recoup their investments in the development of valuable new drugs. Second, Congress sought to ensure that, once the patent protection and marketing exclusivity for these drugs expire, consumers would benefit from the availability of lower priced generic versions of approved drugs.

19. Under 21 U.S.C. § 355(b)(1), the innovator drug manufacturer and NDA applicant is required to submit extensive testing and safety information concerning the drug. In addition, the NDA applicant must submit information on “any patent which claims the drug for which the applicant submitted the application or which claims a method of using such drug and with respect to which a claim of patent infringement could reasonably be asserted.” Once the NDA is approved, the FDA lists this patent information in the Orange Book.

20. In contrast, the Hatch-Waxman Act allows ANDA applicants to obtain FDA approval for generic versions of previously-approved drugs without having to repeat the extensive testing required for a new drug application. Under 21 U.S.C. § 355(j), ANDAs can rely on FDA's previous findings of safety and efficacy for an approved drug product, if they demonstrate, among other things, that the generic drug is bioequivalent to the previously-approved drug.

21. When a generic manufacturer submits an ANDA, the FDA conducts a preliminary review of the application to ensure it is sufficiently complete to permit a substantive review. *See* 21 C.F.R. § 314.101(b)(1). "Receipt of an [ANDA] means that FDA has made a threshold determination that the abbreviated application is sufficiently complete to permit a substantive review." *Id.*

22. Under 21 U.S.C. § 355(j)(2)(A)(vii), the ANDA must also include one of the following four certifications with respect to each of the patents listed in the Orange Book for the previously-approved drug product: (i) that the patent information has not been filed ("Paragraph I" certifications); (ii) that the patent has expired ("Paragraph II" certifications); (iii) that the patent will expire on a specific date, and the generic will stay off the market until that date ("Paragraph III" certifications); or (iv) that the "patent is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted" ("Paragraph IV" certifications).

23. If the ANDA includes a Paragraph IV certification, the Hatch-Waxman Act requires the ANDA applicant to give notice ("notice of Paragraph IV certification") to the patent owner of the factual and legal basis for the applicant's opinion that patents listed in the Orange Book are invalid or will not be infringed, "not later than 20 days after the date of the postmark on

the notice with which the [FDA] informs the applicant that the application has been filed." 21 U.S.C. § 355(j)(2)(B).

24. The patent owner can file an infringement action within 45 days of receiving the notice of Paragraph IV certification. Such a filing by the patent owner triggers a 30-month injunction or stay of the FDA approval, beginning on the date of receipt of the notice. *See* 21 U.S.C. § 355(j)(5)(B)(iii). This 30-month period is intended to allow time for judicial resolution on the merits of any patent infringement, validity, and/or enforceability claims, before the competitor is allowed entry into the market.

25. Federal regulations also govern the timing of the notice of Paragraph IV certification by directing the generic manufacturer to send such notice "when it receives from FDA an acknowledgment letter stating that its [ANDA] is sufficiently complete to permit a substantive review." 21 C.F.R. § 314.95(b).

## LITIGATION BACKGROUND

26. Watson Laboratories, Inc. ("Watson") filed Abbreviated New Drug Application ("ANDA") No. 204383 with FDA seeking approval to market a generic version of the 2 mg/0.5 mg; 4 mg/1 mg; and 8 mg/2 mg dosage strengths of Plaintiffs' Suboxone sublingual film prior to the expiration of the '150, '832, and '514 Patents.

27. Watson Laboratories, Inc. is now known as Actavis Laboratories UT, Inc.

28. Plaintiffs received a notice of Paragraph IV certification from Watson, dated August 27, 2013, stating that ANDA No. 204383 contains a Paragraph IV certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the '832 and '150 Patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the generic product proposed in the ANDA.

29. On October 8, 2013, within 45 days of receiving the August 27, 2013 Notice Letter, Plaintiffs filed a Complaint against Watson Laboratories, Inc. and Actavis, Inc. for infringement of the ’832 and ’150 Patents, based on the filing of ANDA No. 204383. *See* C.A. 1:13-cv-01674-RGA, D.I. 1 (D. Del.). The Complaint did not mention any specific strength of Watson’s proposed generic version of Suboxone sublingual film.

30. Plaintiffs received a second notice of Paragraph IV certification from Watson, dated February 4, 2014, stating that ANDA No. 204383 contains a Paragraph IV certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the ’514 Patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the generic product proposed in the ANDA.

31. Plaintiffs filed a First Amended Complaint against Watson on February 18, 2014 for infringement of the ’832, ’150, and ’514 Patents, based on the filing of ANDA No. 204383 and the August 27, 2013 and February 4, 3014 Notice Letters. *See* C.A. 1:13-cv-01674-RGA, D.I. 43 (D. Del.). The Complaint did not mention any specific strength of Watson’s proposed generic version of Suboxone sublingual film.

32. Plaintiffs received a third notice of Paragraph IV certification from Actavis, dated April 22, 2015, stating that Actavis had filed a new ANDA, ANDA No. 207087, directed to a generic version of the 12 mg/3 mg strength of Suboxone sublingual film, and stating that Actavis had filed a new ANDA, ANDA No. 207087, and that ANDA No. 207087 contains a Paragraph IV certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the ’832, ’150, and ’514 Patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the generic product proposed in the ANDA.

33. On June 4, 2015, Plaintiffs filed a Second Amended Complaint against Watson and Actavis for infringement of the ’832, ’150, and ’514 Patents, based on the filing of ANDA Nos. 204383 and 207087, and the August 27, 2013; February 4, 2014; and April 22, 2015 Notice Letters. *See* C.A. 1:13-cv-01674-RGA, D.I. 287 (D. Del.). The Complaint did not mention any specific strength of Watson’s proposed generic version of Suboxone sublingual film.

34. During fact and expert discovery in C.A. 1:13-cv-01674-RGA (D. Del.), the parties addressed all strengths of Watson’s proposed generic version of Suboxone sublingual film, including the 4 mg/1 mg dosage strength.

35. Watson, Actavis, and Plaintiffs went to trial in C.A. 1:13-cv-01674-RGA regarding ANDA Nos. 204383 and 207087 in November and December of 2015. At trial, all parties addressed all strengths of Watson’s proposed generic version of Suboxone sublingual film, including the 4 mg /1 mg dosage strength.

36. At no time did Watson take the position that the 4 mg/1 mg dosage strength was not properly part of the trial of C.A. 1:13-cv-01674-RGA.

37. On June 3, 2016, the U.S. District Court for the District of Delaware issued a Trial Opinion in which it found, among other things, that the asserted claims of the ’514 Patent are valid and infringed by all strengths of Watson’s proposed generic version of Suboxone sublingual film. *See* C.A. 1:13-cv-01674-RGA (D. Del.), D.I. 446.

38. On June 28, 2016, the U.S. District Court for the District of Delaware issued a judgment providing, *inter alia*:

> **ORDERED AND ADJUDGED,** for the reasons set forth in the Court’s Trial Opinion dated June 3, 2016 (D.I. 446 in C.A. No. 13-1674), that Final Judgment is hereby entered in favor of Plaintiffs and against Watson, that asserted claims 62, 64, 65, 69, and 73 of the ’514 patent were not shown to be invalid;

> **ORDERED AND ADJUDGED,** for the reasons set forth in the Court's Trial Opinion dated June 3, 2016 (D.I. 446 in C.A. No. 13-1674), that Final Judgment is hereby entered in favor of Plaintiffs and against Watson, that Watson's ANDA products that are the subject of ANDA Nos. 204383 and 207087, in 2 mg/0.5 mg, 4 mg/1 mg, 8 mg/2 mg, and 12 mg/3 mg dosage strengths, infringe asserted claims 62, 64, 65, 69, and 73 of the '514 patent;
>
> . . . .
>
> **ORDERED** that, pursuant to 35 U.S.C. § 27I(e)(4)(A), the Food and Drug Administration ("FDA") shall not make the effective date of any final approval of Watson's ANDA Nos. 204383 and 207087 earlier than the date of expiration of the '514 patent[.]

See C.A. 1:13-cv-01674-RGA (D. Del.), D.I. 453. These judgments are not yet final and non-appealable.

39. On December 31, 2014, Plaintiffs also filed a declaratory judgment action against Watson, alleging infringement of U.S. Patent No. 8,900,497 (the "'497 Patent") based on ANDA No. 204383. The '497 Patent relates to processes of making film compositions, and is not listed in the Orange Book. *See* C.A. No. 1:14-cv-1574-RGA (D. Del.), D.I. 1.

40. On July 4, 2015, Plaintiffs amended their declaratory judgment complaint to also reference ANDA No. 207807. *See* C.A. No. 1:14-cv-1574-RGA (D. Del.), D.I. 34.

41. Trial on the '497 Patent is set for November 2016.

42. On September 16, 2016, Plaintiffs received a Notice Letter from Actavis regarding ANDA No. 204383, and specifically addressing the 4 mg/1 mg dosage strength of Actavis' proposed generic version of Suboxone sublingual film. The September 16, 2016 Notice Letter contains a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "Paragraph IV certification") alleging that the '150, '832, and '514 Patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the 4 mg/1 mg dosage strength of Actavis' proposed version of Suboxone sublingual film.

43. The Notification Letter further states that Actavis submitted ANDA No. 204383 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in commercial manufacture, use, and/or sale of the 4 mg/1 mg dosage strength of a buprenorphine hydrochloride and naloxone hydrochloride sublingual film before expiration of the Patents-in-Suit. On information and belief, ANDA No. 204383 refers to and relies on Plaintiff Indivior's NDA for Suboxone sublingual film and purports to contain data showing bioequivalence of Defendant's generic product with Suboxone sublingual film.

44. On October 12, 2016, Plaintiffs received yet another Notice Letter from Actavis regarding ANDA No. 204383, and specifically addressing the 4 mg/1 mg dosage strength of Actavis' proposed generic version of Suboxone sublingual film. This letter was substantially identical to the September 16, 2016, except it added Indivior UK (the owner of the '832 Patent), and corrected some typographical errors.

45. Plaintiffs commenced this action within 45 days of receiving the September 16, 2016 Notification Letter.

**COUNT I**

**(Infringement of the '832 Patent Under 35 U.S.C. § 271(e)(2))**

46. Plaintiffs reallege paragraphs 1–46 above as if fully set forth herein.

47. On information and belief, the 4 mg/1 mg dosage strength of Defendant's generic product is covered by one or more claims of the '832 Patent.

48. By filing and maintaining ANDA No. 204383 under 21 U.S.C. § 355(j), and attempting to obtain approval to engage in the commercial manufacture, use, sale and/or importation of the 4 mg/ 1 mg dosage strength of Defendant's generic product prior to the

expiration of the ’832 Patent, Defendant has committed an act of infringement of the ’832 Patent under 35 U.S.C. § 271(e)(2).

49. Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for ANDA No. 204383 to be a date which is not any earlier than the expiration date of the ’832 Patent, including any extensions of that date.

**COUNT II**

**(Infringement of the ’150 Patent Under 35 U.S.C. § 271(e)(2))**

50. Plaintiffs reallege paragraphs 1–46 above as if fully set forth herein.

51. On information and belief, the 4 mg/1 mg of Defendant’s generic product is covered by one or more claims of the ’150 Patent.

52. By filing ANDA No. 204383 under 21 U.S.C. § 355(j), and attempting to obtain approval to engage in the commercial manufacture, use, sale and/or importation of the 4 mg/1 mg dosage strength of Defendant’s generic product prior to the expiration of the ’150 Patent, Defendant has committed an act of infringement of the ’150 Patent under 35 U.S.C. § 271(e)(2).

53. Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, inter *alia*, an order of this Court that the FDA set the effective date of approval for ANDA No. 204383 to be a date which is not any earlier than the expiration date of the ’150 Patent, including any extensions of that date.

**COUNT III**

**(Infringement of the ’514 Patent Under 35 U.S.C. § 271(e)(2))**

54. Plaintiffs reallege paragraphs 1–46 above as if fully set forth herein.

55. Defendant’s generic product is covered by one or more claims of the ’514 Patent.

56. The 4 mg/1 mg dosage strength has already been found to infringe Claims 62, 64, 65, 69, and 73 of the ’514 Patent. *See* C.A. 1:13-cv-01674-RGA (D. Del.), D.I. 453.

57. By filing ANDA No. 204383 under 21 U.S.C. § 355(j), and attempting to obtain approval to engage in the commercial manufacture, use, sale and/or importation of the 4 mg/1 mg dosage strength Defendant’s generic product prior to the expiration of the ’514 Patent, Defendant has committed an act of infringement of the ’514 Patent under 35 U.S.C. § 271(e)(2).

58. Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for ANDA No. 204383 to be a date which is not any earlier than the expiration date of the ’514 Patent, including any extensions of that date. Indeed, the Court has already granted Plaintiffs this relief. *See* C.A. 1:13-cv-01674-RGA (D. Del.), D.I. 453.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

A. A judgment that Defendant has infringed each of the Orange Book-Listed Patents under 35 U.S.C. § 271(e)(2) by submitting and maintaining ANDA No. 204383;

B. Preliminary and permanent injunctions, restraining and enjoining Defendant, its officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in privity or concert with them, from engaging in, causing, or inducing the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of drugs and formulations, or from inducing and/or encouraging the use of methods, claimed in the Patents-in-Suit;

C. An order that the effective date of any approval of ANDA No. 204383 be a date that is not earlier than the expiration of the last to expire of the Patents-in-Suit, including any extensions thereof and any later expiration of exclusivity associated with those Patents;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees;

E. A judgment granting Plaintiffs compensatory damages in an amount to be determined at trial including both pre-judgment and post-judgment interest if Defendant commercially manufactures, uses, offers to sell, or sells in the United States, or imports into the United States, Defendant's generic product before the expiration of each Patent-in-Suit that Defendant is found to infringe, including any extensions; and

F. Any and all other relief as the Court deems just and proper.

Dated: October 31, 2016

Respectfully submitted,

_/s/ Mary W. Bourke_

Mary W. Bourke (#2356)
Dana K. Severance (#4869)
Daniel M. Attaway (#5130)
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
(302) 252-4320
mbourke@wcsr.com
dseverance@wcsr.com
dattaway@wcsr.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Daniel A. Ladow
James M. Bollinger
Timothy P. Heaton
J. Magnus Essunger
Sujatha Vathyam
TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY 10022
(212) 704-6000
Daniel.ladow@troutmansanders.com
James.bollinger@troutmansanders.com
Timothy.heaton@troutmansanders.com
Magnus.Essunger@troutmansanders.com
Sujatha.Vathyam@troutmansanders.com

Puja Patel Lea
TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, GA 30308

(404) 885-3000
Troy.kleckley@troutmansanders.com
Puja.lea@troutmansanders.com

Charanjit Brahma
TROUTMAN SANDERS LLP
580 California Street, Suite 1100
San Francisco, CA 94101-1032
(415) 477-5700
Charanjit.brahma@troutmansanders.com

Jeffrey B. Elikan
Jeffrey H. Lerner
Erica N. Andersen
R. Jason Fowler
Ashley Kwon
COVINGTON & BURLING LLP
One CityCenter
850 10th St. NW
Washington, DC 20001
(202) 662-6000
jelikan@cov.com
jlerner@cov.com
eandersen@cov.com
jfowler@cov.com
akwon@cov.com

Kurt G. Calia
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
(650) 632-4700
kcalia@cov.com

*Attorneys for Plaintiffs Indivior Inc. and Indivior UK Limited*

James F. Hibey
Rachel M. Hofstatter
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington DC 20036
(202) 429-3000
jhibey@steptoe.com
rhofstatter@steptoe.com

Cassandra A. Adams
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3905
cadams@steptoe.com

*Attorneys for Plaintiff MonoSol Rx, LLC*

37532285